S. BRENT VOGEL
Nevada Bar No. 6858
Brent.Vogel@lewisbrisbois.com
HEATHER ARMANTROUT
Nevada Bar No. 14469
Heather.Armantrout@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel.: 702.893.3383
Fax: 702.893.3789
*Attorneys for Defendant Straumann USA, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DISTRICT

| | |
|---|---|
| MARIA LITTLETON,<br><br>             Plaintiff,<br><br>vs.<br><br>STRAUMANN GROUP BRAND d/b/a STRAUMANN USA, LLC ; DOES I through X, and ROE CORPORATIONS XI through XX; inclusive,<br><br>             Defendants. | CASE NO.: 2:21-cv-00118-JAD-BNW<br><br>**DEFENDANT STRAUMANN USA , LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant STRAUMANN USA, LLC (erroneously named as Straumann Group Brand d/b/a Straumann USA, LLC) by and through its attorneys of Lewis Brisbois Bisgaard & Smith LLP, hereby submits its Answer to Plaintiff's Complaint herein admits, denies and alleges as follows:

## I. JURISDICTION AND VENUE

1. Answering Paragraph 1 of Plaintiff's Complaint, Answering Defendant denies the allegations on the grounds that on January 21, 2021, Answering Defendant petitioned for removal of this matter to Federal Court, District of Nevada, wherein jurisdiction remains.

4813-7967-2793.1

2. Answering Paragraph 2 of Plaintiff's Complaint, Answering Defendant denies the allegations on the grounds that on January 21, 2021, Answering Defendant petitioned for removal of this matter to Federal Court, District of Nevada, wherein jurisdiction remains.

3. Answering Paragraph 3, Answering Defendant states that this Paragraph contains no allegations requiring answer and therefore denies the same.

## II. PARTIES

4. Answering Paragraph 4 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations contained therein and upon that basis, denies the same.

5. Answering Paragraph 5 of Plaintiff's Complaint, Answering Defendant admits the allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and upon that basis, denies the same.

## III. GENERAL ALLEGATIONS

7. Answering Paragraph 7 of Plaintiff's Complaint, Answering Defendant hereby repeats and re-alleges the responses set forth in Paragraphs 1 through 6 above, and incorporate the same by this reference as if fully set forth herein.

8. Answering Paragraph 8 of Plaintiff's Complaint, Answering Defendant admits that Straumann USA, LLC distributes Neodent dental implants. Answering Defendant denies the remaining allegation contained therein.

9. Answering Paragraph 9, Answering Defendant states the medical records speak for themselves. To the extent the allegations contained in paragraph 9 conflict with medical records, Answering Defendant denies such allegations.

10. Answering Paragraph 10, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and upon that basis, denies the same.

11. Answering Paragraph 11, Answering Defendant states the medical records speak for themselves. To the extent the allegations contained in paragraph 11 conflict with medical records, Answering Defendant denies such allegations.

12. Answering Paragraph 12, Answering Defendant denies that a Straumann USA representative attempted removal of the implant.

13. Answering Paragraph 13, Answering Defendant denies that a Straumann USA representative attempted removal of the implant. Answering Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and upon that basis, denies the same.

14. Answering Paragraph 14, Answering Defendant states the medical records speak for themselves. To the extent the allegations contained in paragraph 14 conflict with medical records, Answering Defendant denies such allegations.

15. Answering Paragraph 15, Answering Defendant states the medical records speak for themselves. To the extent the allegations contained in paragraph 15 conflict with medical records, Answering Defendant denies such allegations.

16. Answering Paragraph 16, Answering Defendant denies the allegations therein.

## IV. FIRST CLAIM FOR RELIEF

### Breach of Contract

17. Answering Paragraph 17 of Plaintiff's Complaint, Answering Defendant hereby repeats and re-alleges the responses set forth in Paragraphs 1 through 16 above, and incorporate the same by this reference as if fully set forth herein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. Answering Defendant denies each and every remaining allegation contained therein as no contract exists between Straumann USA and any patient.

19. Answering Paragraph 19 of Plaintiff's Complaint, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent.

Answering Defendant denies each and every remaining allegation contained therein.

20. Answering Paragraphs 20 and 21 of Plaintiff's Complaint, Answering Defendant denies the allegations therein.

## IV. SECOND CLAIM FOR RELIEF

### Negligence

21. Answering Paragraph 22 of Plaintiff's Complaint, Answering Defendant repeats and realleges each and every response to the allegations in paragraphs 1 through 21 and reincorporates those responses by reference, as though fully set forth in detail herein.

22. Answering Paragraph 23 of Plaintiff's Complaint, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. Answering Defendant denies each and every remaining allegation contained therein as no contract exists between Straumann USA and any patient.

23. Answering Paragraphs 24 through 26 of Plaintiff's Complaint, Answering Defendant denies the allegations therein.

## IV. THIRD CLAIM FOR RELIEF

### Breach of the Covenant of Good Faith and Fair Dealing

24. Answering Paragraph 27 of Plaintiff's Complaint, Answering Defendant repeats and realleges each and every response to the allegations in paragraphs 1 through 26 and reincorporates those responses by reference, as though fully set forth in detail herein.

25. Answering Paragraph 28 of Plaintiff's Complaint, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. Answering Defendant denies each and every remaining allegation contained therein as no contract exists between Straumann USA and any patient.

26. Answering Paragraph 29 of Plaintiff's Complaint, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. As to the remaining allegations contained therein, Answering Defendant admits it has legal duties under Nevada law, but to the extent the allegations seek to impose duties in excess of or contrary to law, Answering Defendant denies the same.

27. Answering Paragraphs 30 through 32, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. Answering Defendant denies each and every remaining allegation contained therein.

## IV. FOURTH CLAIM FOR RELIEF

### Strict Products Liability

28. Answering Paragraph 33 of Plaintiff's Amended Complaint, Answering Defendant repeats and realleges each and every response to the allegations in paragraphs 1 through 32 and reincorporates those responses by reference, as though fully set forth in detail herein.

29. Answering Paragraph 34, Answering Defendant denies the allegations therein as Answering Defendant is Straumann USA, LLC, not Dent. Answering Defendant admits that Straumann USA, LLC distributes Neodent dental implants. Answering Defendant denies the remaining allegation contained therein.

30. Answering Paragraphs 35 through 39 of Plaintiff's Complaint, Answering Defendant denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, if any, were proximately caused, or were contributed to, by reason of the negligence of the Plaintiff, and such negligence bars Plaintiff's claims and/or reduces Plaintiff's recovery against this Answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, if any, were caused by the acts or omissions of other parties over whom this Answering Defendant had no control.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting any rights she may have against this Answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claimed injuries and/or damages are unrelated or were pre-existing.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations and/or by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

All conduct by Defendant and those acting on its behalf was reasonable under the circumstances, undertaken in good faith, and not tortious or unlawful.

**EIGHTH AFFIRMATIVE DEFENSE**

If, in fact, any untoward, unsafe, or defective condition existed in the product mentioned in the Complaint, which this Answering Defendant denies, said condition was caused and contributed to by the negligence of the Plaintiff and/or other third parties, and not by any tortious actions or failure to act by this Answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

If, in fact, any untoward, unsafe, or defective condition existed in the product mentioned in the Complaint, which this Answering Defendant denies, said condition was caused and contributed to by the actions or inactions of Plaintiff and/or other third parties, in that it/they changed and altered said product, thereby barring Plaintiff's right to recovery against this Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or other third-parties had knowledge of the risks and hazards set forth in the Complaint and the magnitude thereof, and did voluntarily assume the risks thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant alleges that the injury, damage, or loss, if any, sustained by the Plaintiff and/or other third-parties was due to and proximately caused by the misuse,

abuse, and misapplication of the product described in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that the injury, damage or loss, if any, sustained by the Plaintiff and/or other third parties, was due to the use of a product for a purpose for which it was not intended.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product identified in the Complaint was altered or modified in such a way that was not reasonably foreseeable by Answering Defendant and precludes or reduces the liability of Answering Defendant, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

The product identified in the Complaint conformed with the state of the art at the time of the sale.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties use of the subject product identified in the Complaint was contrary to instructions and/or warnings provided with the subject product thereby precluding recovery against or reducing the liability of this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that Plaintiff and/or other third-parties injuries, if any, were aggravated by her failure to mitigate such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties claims are barred by disclaimer.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties and this Answering Defendant are not in privity of contract.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant had no duty to warn of any alleged danger where such danger was open and obvious to all persons of ordinary intelligence and experience, including the Plaintiff and/or other third parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that a manufacturer or seller has no duty to warn of patent or obvious dangers.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that the product was not in an unreasonably dangerous or defective condition at the time it left Answering Defendant's control.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that Answering Defendant was not and are not merchants within the meaning of the implied warranty of merchantability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that Answering Defendant was not the manufacturer of the allegedly defective product(s).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

It has been necessary for Answering Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Answering Defendant for attorneys' fees, together with costs of suit incurred herein.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Answering Defendant is not jointly liable with any other entities that may or may not be named in this action, and will only be severally liable for that portion of Plaintiff's claims that represent the percentage of negligence attributable to Answering Defendant, if any.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were not proximately caused by Answering Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, are the result of forces of nature over which Answering Defendant had no control or responsibility.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting any claims against Answering Defendant because



the alleged damages are the result of one or more unforeseeable intervening and superseding causes.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege facts in support of an award for pre-judgment interest.

### THIRTIETH AFFIRMATIVE DEFENSE

At all times mentioned herein, Answering Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Answering Defendant reserves the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving the same.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant avails itself of all affirmative defenses and limitations of action as set forth in NRS 41.085, 41A.035, 41A.045, 41A.061, 41A.071, 41A.097, 41A.100, 42.005, 42.021, 41.141, and all applicable subparts.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, as amended, all applicable Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Answering Defendant's Answer and, therefore, Answering Defendant reserves its right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

WHEREFORE, Answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint on file herein;
2. For reasonable attorneys' fees and costs of suit incurred herein;
3. For trial by jury, and

4813-7967-2793.1

1  4.  For such other and further relief as the Court may deem just and proper in
2     the premises.
3  DATED this 27th day of January, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP


By  */s/ S. Brent Vogel*
S. BRENT VOGEL
Nevada Bar No. 6858
HEATHER ARMANTROUT
Nevada Bar No. 14469
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel.: 702.893.3383
*Attorneys for Defendant Straumann USA, LLC*

4813-7967-2793.1                    10

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on this 27th day of January, 2021, I did cause a true copy of **DEFENDANT STRAUMANN USA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Christopher S. Connell, Esq.
CONNELL LAW
6671 Las Vegas Blvd., Suite 210
Las Vegas, NV 89119
Tel: 702.266.6355
Fax: 702.829.5930
cconnell@connelllawlv.com
*Attorney for Plaintiff*

By  /s/ *Johana Whitbeck*
an Employee of
LEWIS BRISBOIS BISGAARD &
SMITH LLP